**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge Christine M. Arguello

Civil Action No. 15-cv-00559-CMA-CBS

PAUL A. MITCHELL,

    Plaintiff,

v.

KAREN MCGOVERN, in her individual capacity as current director of the Colorado Medical Board,
CHERYL HARA, in her individual capacity as former program director of the Colorado Medical Board,
SARAH EARLY, in her individual capacity as executive director of the Colorado Physician Health Program, and
ROCKY MOUNTAIN CANCER CENTER,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING IN PART THE JULY 8, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

On April 7, 2015, this case was referred to United States Magistrate Judge Craig B. Shaffer to conduct all motion proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b). (Doc. # 8.) At a status conference on July 8, 2015, Magistrate Judge Shaffer recommended in an oral ruling from the bench the dismissal of this case based on Plaintiff Paul A. Mitchell's failure to comply with multiple court orders. (Doc. # 97.) This Court has reviewed the audio recording of the July 8 status conference and Magistrate Judge Shaffer's recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On July 28, 2015, Mr. Mitchell filed a timely objection to Magistrate Judge Shaffer's recommendation. (Doc. # 100.)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Shaffer recommended that this action be dismissed because of Mr. Mitchell's repeated failure to comply with multiple court orders. In his recommendation, Magistrate Judge Shaffer highlighted the salient facts. On March 24, 2015, Magistrate Judge Shaffer issued a minute order setting a status conference for June 29, 2015, at 9:00 AM and instructing Mr. Mitchell that he could appear by telephone given the fact that he is an out-of-state plaintiff. (Doc. # 4.) A copy of that minute order was mailed to Mr. Mitchell at his address in North Carolina.

On May 26, 2015, Magistrate Judge Shaffer issued a minute order advising Mr. Mitchell that, on or before June 18, 2015, he should file any response he might wish to file to four motions to dismiss that had been filed by the defendants. (Doc. # 54.) A copy of this minute order was mailed to Mr. Mitchell at his address in North Carolina. Mr. Mitchell has not responded to a single motion to dismiss.

On June 29, 2015, Mr. Mitchell failed to appear in any manner for the scheduled status conference, and he could not be reached when Magistrate Judge Shaffer tried to contact him. Accordingly, Magistrate Judge Shaffer reset the status conference for July 8, 2015, at 8:00 AM. (Doc. # 90.) Again, Magistrate Judge Shaffer indicated in the minute order that Mr. Mitchell could appear by telephone. The minute order also

advised Mr. Mitchell that failure to comply with a court order may be cause for dismissal of the action without further notice.  A copy of the June 29 minute order was sent to Mr. Mitchell at his address in North Carolina.  Mr. Mitchell failed to appear in any manner for the July 8 status conference.

None of the minute orders mailed to Mr. Mitchell at his address in North Carolina were returned as undeliverable.  Mr. Mitchell failed to comply with all three orders.  Thus, Magistrate Judge Shaffer recommended that this case be dismissed because of Mr. Mitchell's repeated failure to comply with court orders.

At the July 8 status conference, Magistrate Judge Shaffer also ruled on several of the pending motions that had been referred to him.  Magistrate Judge Shaffer denied Mr. Mitchell's motion for a temporary restraining order and preliminary injunction against former Magistrate Judge Boyd N. Boland (Doc. # 76).  Magistrate Judge Shaffer denied the motion because he determined that it was wholly frivolous and because former Magistrate Judge Boland retired from the bench in February 2015 and, therefore, no longer has any authority to take any action in this case.

Magistrate Judge Shaffer also denied Mr. Mitchell's motion for Magistrate Judge Shaffer's recusal (Doc. # 61).  In his affidavit in support of his recusal motion, Mr. Mitchell alleged that Magistrate Judge Shaffer, either alone or with co-conspirators, fraudulently entered docket entry # 31, which is an order entered by this Court.  Magistrate Judge Shaffer explained on the record during the July 8 hearing that he, obviously, has no control over this Court and this Court may enter any and all docket entries that it sees fit to enter.  Judge Shaffer further stated that there are no facts set forth in Mr. Mitchell's affidavit that would support an allegation that he somehow

fraudulently manufactured docket entries.  Mr. Mitchell's affidavit also alleged that Magistrate Judge Shaffer conspired with this Court's courtroom deputy to enter a fraudulent court order denying his motion for disqualification.  Magistrate Judge Shaffer stated that, if Mr. Mitchell had attended the July 8 conference, Magistrate Judge Shaffer would have explained to him that "vbarn"—the name identifying the person who entered the order—refers to this Court's courtroom deputy, and that Magistrate Judge Shaffer has no more control over this Court's courtroom deputy than he does over this Court.  Thus, Mr. Mitchell's allegation defies logic and has no basis in fact.

Magistrate Judge Shaffer also denied Mr. Mitchell's motion to disqualify counsel (Doc. # 32).  In support of his motion, Mr. Mitchell alleged that members of one of the law firms representing the defendants might be necessary witnesses in the case.  Magistrate Judge Shaffer stated that, while Mr. Mitchell is correct that Rule of Professional Conduct 3.7(a) prohibits an attorney from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, this rule has been narrowly construed to apply only to trial proceedings.  Thus, Magistrate Judge Shaffer found that, at the very least, Mr. Mitchell's motion was premature.

Magistrate Judge Shaffer denied Mr. Mitchell's motion for sanctions (Doc. # 75).  In that motion, Mr. Mitchell argued that the defendants' motions to dismiss were untimely and, therefore, the defendants and their attorneys should be sanctioned.  This Court allowed the filing of the motions to dismiss, therefore, Magistrate Judge Shaffer found no bad faith and no basis for sanctions.

Magistrate Judge Shaffer recommended denial of Mr. Mitchell's motion for a temporary restraining order and preliminary injunction seeking to enjoin the Colorado

Medical Board from beginning informal proceedings on the informal charge brought against Mr. Mitchell (Doc. # 5).  Magistrate Judge Shaffer stated that the relief requested by Mr. Mitchell would require affirmative action by the Colorado Medical Board, thus, the injunction sought by Mr. Mitchell is of the type traditionally disfavored.  Magistrate Judge Shaffer further noted that Mr. Mitchell has not demonstrated, and is unlikely to be able to demonstrate, a substantial likelihood of success on the merits.

Lastly, Magistrate Judge Shaffer incorporated into his recommendation a requirement that Mr. Mitchell seek permission from the Court before filing any papers initiating litigation in the future.

This Court has carefully reviewed both the audio recording of the July 8 conference before Magistrate Judge Shaffer and Mr. Mitchell's objections to Magistrate Judge Shaffer's orders and recommendations.  The Court finds that Magistrate Judge Shaffer's thorough and comprehensive analyses are correct, and that Mr. Mitchell's objections are wholly without merit.  However, the Court finds that an ordering barring Mr. Mitchell from filing litigation in the future except with judicial approval is not warranted at this time.

Accordingly, it is hereby ORDERED that Mr. Mitchell's Objection (Doc. # 100) is OVERRULED.

It is FURTHER ORDERED that the recommendation of United States Magistrate Judge Shaffer (Doc. # 97) that Mr. Mitchell's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. # 5) be DENIED is AFFIRMED and ADOPTED as an order of this Court.

It is FURTHER ORDERED that the recommendation of United States Magistrate Judge Shaffer (Doc. # 97) that this case be dismissed for Mr. Mitchell's failure to comply with the court orders entered on March 24, May 26, and June 29, 2015, is AFFIRMED and ADOPTED as an order of this Court.  The Court does not adopt the recommendation that Mr. Mitchell be required to seek judicial approval before filing any future litigation.

Pursuant to the Recommendation, it is FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

It is FURTHER ORDERED that Defendant Rocky Mountain Cancer Center's Motion to Dismiss (Doc. # 40), Defendant Cheryl Hara's Motion to Dismiss (Doc. # 42), and Defendant Karen McGovern's Motion to Dismiss (Doc. # 43) are DENIED AS MOOT.

DATED: August 12, 2015                                  BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge